# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RUBIO,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN PHILLIPS,<br><br>    Respondent. | Case No. 1:23-cv-00768-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On October 19, 1990, Petitioner was convicted of murder. On April 5, 1991, Petitioner was sentenced to an imprisonment term of life without the possibility of parole. (ECF No. 1 at 2.)[1] In 2019, Petitioner filed a petition for resentencing pursuant to California Criminal Code section 1170.95. The superior court denied the petition, finding that Petitioner failed to state a prima facie case for relief. (Id. at 9–12.) Petitioner appealed, the California Court of Appeal affirmed the denial, and the California Supreme Court denied the petition for review. (Id. at 13–14, 23.)

On May 12, 2023, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  (ECF No. 1.) On May 18, 2023, the matter was transferred to the Fresno Division. (ECF No. 3.)
2  In the petition, Petitioner challenges the state courts' denial of relief, asserting that his equal
3  protection rights were violated. (ECF No. 1 at 3.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

In the instant petition, Petitioner challenges the state courts' denial of his resentencing petition, asserting that his equal protection rights were violated. (ECF No. 1.) Petitioner "cannot establish an equal protection claim warranting habeas relief, simply because, or if, the [state court] misapplied [California] law or departed from its past precedents." Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006). See Beck v. Washington, 369 U.S. 541, 554–55 (1962) ("We have said time and again that the Fourteenth Amendment does not assure uniformity of judicial decisions . . . [or] immunity from judicial error . . . . Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." (citations and internal quotation marks omitted) (alterations in original)). Whether Petitioner was entitled to relief on his resentencing petition is an issue of state law, and errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam)

("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 16, 2023**

UNITED STATES MAGISTRATE JUDGE